IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GREGORY JAMES DUNSMORE, § § Petitioner, § § VS. § § HARRIS COUNTY COMMUNITY § SUPERVISION AND CORRECTIONS § DEPARTMENT, § § Respondent. § | CIVIL ACTION NO. H-08-1467 |

## MEMORANDUM AND OPINION

Gregory James Dunsmore has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. When he filed his federal petition, Dunsmore was confined at the Harris County Jail. Dunsmore notified the court of his new address on August 21, 2008. (Docket Entry No. 5).

Dunsmore is apparently challenging his 2000 misdemeanor assault conviction in Cause Number 1003585 in County Criminal Court of Law Number 14 in Harris County, Texas. Dunsmore asserts that after he pleaded *nolo contendere*, he was sentenced to deferred adjudication. He claims that his deferred adjudication is being used to enhance a later sentence and is prolonging his current incarceration.

The respondent, Nathaniel Quarterman, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, moved to dismiss on the ground that he was not the proper respondent. (Docket Entry No. 4). This court granted Quarterman's motion and the Harris County Sheriff's Department was substituted as the respondent. The Sheriff's Department filed a motion for summary judgment on the ground that Dunsmore had failed to exhaust his available state-

court remedies. (Docket Entry No. 12). A copy of the state-court record was also filed. Dunsmore has not filed a response.

Based on careful consideration of the record and the applicable law, this court grants respondent's motion and, by separate order, dismisses this case, without prejudice. The reasons are set out below.

**I.     Background**

Dunsmore pleaded *nolo contendere* to the Class A misdemeanor offense of assault. (Cause Number 1003585). On July 12, 2000, the court sentenced Dunsmore to deferred adjudication for six months. (Docket Entry No. 12, Respondent's Motion or Summary Judgment, Ex. E, p. 1). On May 12, 2008, this court received Dunsmore's federal petition. Dunsmore contends that his conviction is void for the following reasons: (1) he did not enter his guilty plea knowingly and voluntarily; (2) the prosecutor failed to disclose favorable evidence; (3) trial counsel rendered ineffective assistance; and (4) he was denied the right to appeal. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 6-7). The threshold issue is whether this case must be dismissed for failure to exhaust.

**II.    Exhaustion**

Dunsmore's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). The statute provides in part as follows:

> (b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b) and (c).

The Fifth Circuit has summarized the standard for exhaustion, as follows:

> To satisfy the exhaustion requirement, a habeas petitioner must have fairly presented the substance of his claim to the state courts. This requirement is not satisfied if the petitioner presents new legal theories or factual claims in his federal habeas petition. We have consistently held that a petitioner fails to exhaust state remedies when he presents material additional evidentiary support to the federal court that was not presented to the state court.
>
> Although exhaustion inquiries are fact-specific, as a general rule dismissal is not required when evidence presented for the first time in a habeas proceeding supplements, but does not fundamentally alter, the claim presented to the state courts. Courts have explained that although a habeas petitioner will be allowed to present bits of evidence to a federal court that were not presented to the state court, evidence that places the claims in a significantly different legal posture must first be presented to the state courts.

*Anderson v. Johnson,* 338 F.3d at 386 (footnotes and quotation marks omitted).

A federal court should dismiss a state prisoner's federal habeas petition if the prisoner has not exhausted available state remedies as to any of his federal claims. *Coleman v. Thompson,* 501 U.S. 722, 731 (1991). The respondent argues that Dunsmore failed to exhaust his state court remedies because he has not presented any of his claims to the State's highest court in either a petition for discretionary review or a state application for habeas relief. The respondent submitted summary judgment evidence showing that Dunsmore filed an appeal on July 13, 2000 and subsequently withdrew it on July 28, 2000. (Docket Entry No. 12, Respondent's Motion or Summary Judgment, Ex. A, p. 1). The summary judgment evidence shows that Dunsmore did not

file an application for state habeas corpus relief or a petition for discretionary review in the Texas Court of Criminal Appeals. (*Id.*, Ex. D, p. 1).

Dunsmore has not responded to the respondent's motion for summary judgment. He has neither alleged nor demonstrated any facts that would support a statutory exception to the exhaustion requirement. Texas law allows Dunsmore to exhaust his state claims by application for a writ of habeas corpus with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. art. 11.07. This federal petition is dismissed, without prejudice, to allow Dunsmore to do so.

### III. Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 12), is granted. Dunsmore's petition for a writ of habeas corpus is denied. This case is dismissed without prejudice for failure to exhaust state remedies. 28 U.S.C. § 2254. Any remaining pending motions are denied as moot.

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack v. McDaniel*, 429 U.S. 473, 484 (2000)). Dunsmore has not met the showing necessary for a COA.

SIGNED on October 7, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge